NATALE DE GRISTINA, an Infant, by PETER DE GRISTINA, His Guardian ad Litem, Plaintiff, *v.* SWIFT AND COMPANY, Defendant.

Supreme Court, Oneida County, January 11, 1936.

CREGG, J. This is an application for the approval by this court of a settlement of the above-named infant's cause of action for injuries which he received on account of being struck by a truck owned and operated by the defendant. The settlement was agreed upon by an adjuster of the insurance company that carried defendant's liability and the father of the infant.

The infant, Natale De Gristina, who is about six years of age, received a broken leg and other less serious injuries. The adjuster agreed with the father upon a settlement for the sum of $1,675. In and by the terms of that agreement $670 was to be paid to the father for the purpose of defraying the doctor's and hospital bills, together with other incidental expenses incurred by the father, leaving for the infant the sum of $1,005.

The father, who is uneducated and inexperienced in business, did not have an attorney of his own. The insurance company suggested that it would employ an attorney to appear for the father; that such attorney would secure his appointment as guardian *ad litem* and that he would prepare the proper papers and present the matter to the court, without expense to the father.

Upon the hearing in court it developed from the evidence of the attending physician that the child's leg had healed in so far as a good union of the fractured bone was concerned and the physician testified that, in his opinion, the offer of settlement was fair and reasonable. The attorney of record gave similar testimony. When the child was produced it appeared that the injured leg was shorter than the other and that he walked with a decided limp.

The court was dissatisfied and thereupon appointed a disinterested physician to examine the infant and report his findings. Upon his report it was decided that the proposed settlement was not sufficient in amount to protect the interests of the infant.

The defendant then raised its offer of settlement substantially fifty per cent so that the infant will now have to his credit $1,505, instead of $1,005. Considering the present economic conditions it is deemed advisable to approve that sum which, if accepted, shall be deposited in the First National Bank of Herkimer in the name of the infant to be withdrawn only on the order of the court.

In view of the fact that it is the inherent right and duty of the Supreme Court to protect the rights and interests of infants in matters of this kind I believe that such duty should be scrupulously discharged. Defendants or their insurance companies should not be permitted to furnish or even suggest an attorney to carry on the necessary proceedings for the effectuation of settlement agreements that are made through adjusters and parents or others who are supposed to act for the benefit of infants. No matter how scrupulous and honest an attorney selected under such circumstances may be, he is, nevertheless, in effect, serving two masters and cannot do justice to both. Under such circumstances the parent should be requested to select his own attorney or, in the event of his failure to do so, an application should be made to the court for the appointment of an attorney. The attending physician also deserves criticism.

With these comments, which we hope will be beneficial to injured infants, the proposed settlement, as increased, is hereby approved.